IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MIGUEL GONZALEZ-CARDENAS,<br>      Petitioner | §<br>§<br>§<br>§ | |
| V. | § | C.A. NO. C-06-281 |
| | § | |
| JOE DRIVER, Warden,<br>      Respondent | §<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 2, 2006 arguing that his constitutional rights are being violated because BOP officials refuse to allow him to participate in a Residential Drug Abuse Program ("RDAP"), the completion of which could entitle him to a one-year reduction in his sentence (D.E. 1). Respondent filed an answer and a motion to dismiss on October 11, 2006 to which petitioner responded on October 23, 2006 (D.E. 9, 10, 12).

### I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241.

### BACKGROUND

On October 28, 2003, in the United States District Court for the Southern District of Texas, McAllen Division, petitioner pleaded guilty to being found in the United States after a previous deportation, in violation of 18 U.S.C. §§ 1326(a) and (b), and also of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(2)(a) (D.E. 10,

Appendix, pp. 1-12). Petitioner was sentenced to two concurrent prison terms of 96 months to be followed by a three-year period of supervised release (Id.).

Petitioner argues that the BOP is violating his constitutional rights by categorically finding that prisoners whose sentences were enhanced because of firearms are ineligible for the sentence reductions that are part of the incentive for participating in the RDAP. Respondent moves to dismiss petitioner's cause of action, arguing that (1) he has failed to exhaust his administrative remedies and (2) he has failed to state a claim because he has neither applied for nor been accepted into the RDAP and even if he had completed the RDAP, the BOP has the discretion to refuse to reduce his sentence. Respondent counters that he does not need to exhaust his administrative remedies because it would be futile for him to do so. In addition, he argues that when he inquired about participating in the RDAP he was told that he would be denied eligibility for early release if he successfully completed the program because of his conviction for possession of a firearm and also because he is classified as an illegal alien (D.E. 12).

## APPLICABLE LAW

### A. The BOP Policy in Dispute

Section 3621(e)(2)(B), enacted by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994, provides that certain federal prisoners convicted of *nonviolent offenses* who remain in custody after completing treatment in a RDAP *may* receive a reduction in their sentences of up to one year. 18 U.S.C. § 3621(e)(2)(B) (emphasis added). Section 3621 does not define "nonviolent offense." Rather, Congress left the specific contours of the program to the BOP's discretion:

> In effect, this subparagraph [§ 3621(e)(2)(B)] authorizes the Bureau of Prisons to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based *on criteria to be established by the Bureau of Prisons.*

H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993) (emphasis added).

Under current BOP regulations, the following categories of inmates are *not* eligible for early release:

> (i) INS detainees;
> (ii) Pretrial detainees;
> (iii) Contractual boarders (for example, D.C., State, or military inmates);
> (iv) inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
> (v) Inmates who are not eligible for participation in a community based program as determined by the Warden on the basis of his or her professional discretion;
> (vi) Inmates whose current offense is a felony:
>> (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>> (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
>> (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58(a)(1).

Petitioner argues that the BOP has illegally excluded him from eligibility for an RDAP, and consequently, a subsequent one-year sentence reduction, by enhancing his nonviolent drug offense conviction to a violent offense because a firearm was found at the crime scene or because of his prior criminal history (D.E. 1 at 2).[1]

---

[1] Petitioner is using a "fill-in-the-blank" petition and consequently this not an accurate description of his underlying offenses. Rather than having the existence of a firearm used to enhance a sentence for another conviction, petitioner actually was convicted of being a felon in possession of a firearm (D.E. 9, 10, App., pp. 1-12).

**B. Exhaustion of Administrative Remedies**

Respondent argues that petitioner's cause of action should be dismissed because he failed to follow the well-established three-tiered BOP system for pursuing administrative claims. The BOP provides a three-tiered administrative process by which inmates can present a complaint. 28 C.F.R. § 542.10 et. seq. First, the inmate must present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate may file a formal written complaint with the warden at the local level. 28 C.F.R. § 542.13(b). The warden has twenty calender days in which to respond to the complaint. 28 C.F.R. § 542.14. If dissatisfied with the warden's response, the inmate may appeal within twenty days of the response to the regional director. 28 C.F.R. § 542.15. The regional director has 30 days in which to respond to the appeal. If dissatisfied at the regional level, the inmate has 30 days from the date of the regional director's response to appeal to the general counsel. 28 C.F.R. § 542.15. The appeal to the general counsel is the final administrative appeal provided by the BOP.

It is well established that a petitioner seeking habeas relief under § 2241 must first exhaust remedies available through the BOP. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). An exception to the exhaustion requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. Id. at 62. Petitioner concedes that he did not pursue his administrative remedies, but argues that it would be futile to do so. He claims that many inmates have sought administrative relief from the BOP on this same issue and the BOP has denied all of the requests.

4

Petitioner is correct under these circumstances, but not merely because many inmates have sought and been denied administrative relief on this issue. Rather, the BOP has instituted a regulation that says that offenders who commit a felony involving the carrying, possession, or use of a firearm or other dangerous weapon or explosives are not eligible for early release. 28 C.F.R. § 550.58 (a)(1)(vi)(B). Petitioner's felony falls into this category. Any attempt by him to seek an administrative remedy to his problem would be futile, because the BOP categorically denies early release to inmates in his situation. See Turtle v. Francis, 2005 WL 3504410 (S.D. Tex. Dec. 21, 2005). Accordingly, his cause of action should not be dismissed for failure to exhaust his administrative remedies.

### C.  Failure to State a Claim

#### 1.  Ripeness of Claim

Respondent also argues that petitioner has neither applied for nor completed the RDAP program and so cannot argue that he has been refused consideration for the sentence reduction, meaning that that his claims are not ripe for adjudication. Petitioner argues that he inquired about the RDAP program and was told by officials that he need not apply because of his conviction for being a felon in possession of a firearm.

"'A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical.'" Monk v. Huston, 340 F.3d 279, 282 (5th Cir. 2003)(quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 833 F.2d 583, 586 (5th Cir. 1987). Key among considerations are the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"

Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998)(quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-581, 105 S.Ct. 3325, 3333, 87 L.Ed.2d 409 (1985) and 13A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3532, p. 112 (1984)).

In this case petitioner's cause of action is not ripe because it depends on his applying for and actually completing the RDAP and then being denied the sentence reduction. Even if petitioner were accepted into the program he could fail to complete it for any number of reasons. At this point any decision a court could make in his case rests upon a hypothetical situation. Accordingly, his cause of action should be dismissed without prejudice because it is not ripe for adjudication.

**2.  BOP Regulation**

Even if petitioner's cause of action were ripe for adjudication, the Supreme Court has addressed the issue raised by petitioner and has upheld the BOP's power to categorically deny early release eligibility to inmates convicted of violent offenses. Lopez v. Davis, 531 U.S. 230, 238 (2001). In Lopez, the Supreme Court addressed a split in the Courts of Appeals regarding the BOP's application of 18 U.S.C. § 3621(e)(2)(B) and categorical exclusion from early release prisoners "who possessed a firearm in connection with their offenses." Id. at 234. As noted above, the BOP also excludes from early release "'[i]nmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.'" Id. (citing 28 C.F.R. § 550.58(a)(1)(iv)). The Supreme Court explained that although "[d]rug traffickers who possess firearms when they engage in crimes are [not] characterized as 'violent' offenders ... they are bracketed, for sentence reduction purposes, with

persons currently incarcerated for 'nonviolent offense[s]' who in the past committed crimes qualifying as violent." Id. at 236. It agreed with the BOP's assertion that:

> [The BOP's] denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life; accordingly, in the interest of public safety, they should not be released months in advance of completing their sentences.

Id. at 240. It further found that § 3621(e)(2)(B) operates as a grant of discretion to the BOP. Id.; see also Warren v. Miles, 230 F.3d 688, 693 (5th Cir. 2000)(Fifth Circuit has "recognized that section 3621(e)(2)(B) grants the BOP broad discretion to exclude from early release consideration prisoners serving sentences ... that were enhanced for possession of a dangerous weapon.").

In Lopez, the Supreme Court framed the question as whether the BOP "filled the statutory gap [in 18 U.S.C. § 3621(e)(2)(B)] 'in a way that is reasonable in light of the legislature's revealed design.'" 531 U.S. at 242 (quoting Nations Bank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 257 (1995)). It stated that "'the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" Id. at 244 (quoting American Hospital Ass'n v. NLRB, 499 U.S. 606, 612 (1991)).

The Supreme Court held that the regulation was permissible and that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus *has the authority, but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." Id. at 241 (emphasis added). It also rejected the petitioner's argument "that the agency must not make categorical exclusions." Id. at 243. Finally, it determined that "the

7

Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb." Id. at 242.

Lopez forecloses petitioner's argument that the BOP cannot create categorical exclusions based on firearm use. Accordingly, he has failed to state a cause of action and his case should be dismissed for failure to state a claim[2].

### RECOMMENDATION

For the reasons stated above, it is respectfully recommended (1) that petitioner's § 2241 cause of action not be dismissed for failure to exhaust his administrative remedies; (2) that petitioner's cause of action be dismissed without prejudice because it is not ripe for adjudication or (3) in the alternative, that petitioner's cause of action should be dismissed for failure to state a claim.

Respectfully submitted this 21st day of November, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[2] In this case it is questionable whether one has to go as far as Lopez to find that petitioner is not entitled to relief because rather than have a conviction enhanced by use of a firearm, he actually was convicted of being a felon in possession of a firearm. Denial of the sentence reduction because of such a conviction is more clearly covered by the statute than the BOP's use of firearm enhancements to find that prisoners are not eligible for the reduction.

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Services Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).